# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO, | Case No. 1:20-cv-00368-AWI-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART AND ORDER VACATING HEARING** |
| v. | |
| GH FOOD MART, INC. dba COMPLETE CONVENIENCE CENTER, et al., | |
| Defendants. | (Doc. 12) |
| | **OBJECTIONS DUE: 21 DAYS** |

## I.   INTRODUCTION

On July 13, 2020, Plaintiff Jose Trujillo ("Plaintiff") filed a motion for default judgment against Defendants GH Food Mart, Inc. dba Complete Convenience Center, Ranbir S. Bhatti, and Harjit K. Bhatti (collectively "Defendants"). (Doc. 12.) No opposition to Plaintiff's motion was filed. The Court has reviewed the motion and supporting documentation and determines that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). As such, the hearing on the motion set for August 19, 2020, shall be VACATED.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED IN PART in the amount of $6,574.93.

///

## II.  FACTUAL BACKGROUND

On March 10, 2020, Plaintiff filed a complaint against named Defendants pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959.  (Doc. 1 (the "Complaint").)  The Complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and injunctive relief. *Id.*  Plaintiff alleges that he requires the use of a wheelchair or cane for mobility (Doc. 1, ¶ 8), and the property that is the subject of this suit, Complete Convenience Center (the "Property"), presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property (Doc. 1, ¶ 10).

Defendants were served with summons and the Complaint on March 16, 2020.  (Docs. 4, 5, 6.)  None of the defendants responded to the Complaint.  Plaintiff requested the Clerk of Court to enter default against Defendants on May 6, 2020, which was entered that same day.  (Docs. 7, 8, 9, 10.)  On July 13, 2020, Plaintiff filed a motion for default judgment against Defendants, which is currently pending before Court.[1]  (Doc. 12.)

## III.  DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).  It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.*  Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a

---

[1] This motion is referred to the undersigned by Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

**B.     Analysis**

    **1.     The *Eitel* Factors Weigh in Favor of Granting a Default Judgment**

        **a.     Possibility of Prejudice to Plaintiff**

If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendants participate and make an appearance in the litigation – which may never occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment). Therefore, Plaintiff would be prejudiced if the Court were to deny its motion. This factor weighs in favor of default judgment.

        **b.     Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*,

503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable." *Id.* at § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (en banc). Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the complaint, Plaintiff is "substantially limited in his ability to walk, "must use a wheelchair for mobility," and he is thus "physically disabled" as defined by the applicable California and federal laws. (Doc. 1, ¶ 8.) As a gas station and restaurant (*see id.* ¶ 10), the Property is a facility of public accommodation, does not function as a residence, and its activity affects commerce. (*Id.* ¶ 9.) Plaintiff alleges that Defendants own, operate, or lease the Property (*Id.* ¶ 7.); thus, they are allegedly liable for the Property's compliance with the ADA.[2]

Plaintiff visited the Property on or about November 27, 2019 and alleges that Defendants failed to provide barrier-free access to the Property in the following ways: (1) there was no

---

[2] Defendants are jointly and severally liable for ADA violations in any of these capacities. *See Botosan v. McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000).

4

designated accessible fuel pump and none of the other pumps had a display low enough for Plaintiff to use; (2) the aisles inside the Property, including within the fast food restaurant portion of the store, were narrow and had merchandise stored within them making it difficult for Plaintiff to navigate the store; (3) the locking mechanism on the restroom door was difficult for Plaintiff to unlock due to its configuration; (4) there was a recessed drain and tile in the path of travel in the restroom, which Plaintiff had to avoid so he would not trip; (5) the transaction counter in the store was obstructed by merchandise on and around the counter, making it hard for Plaintiff to use; and (6) there was a taco truck outside the Property, which did not have any designated accessible parking serving it. (Doc. 1, ¶ 10.)

Plaintiff alleges that the removal of these architectural barriers is readily achievable, or alternatively, the services could have been made available through alternative methods that were readily achievable. (Doc. 1, ¶¶ 21-22.) As these facts are taken as true regarding Defendants following entry of default against them, Plaintiff has met his burden of stating a *prima facie* Title III discrimination claim.

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code, § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in California on account of disability. Cal. Civ. Code, § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code, § 51(f). Here, Plaintiff alleges that Defendants denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability. (Doc. 1, ¶ 38.) Because Plaintiff's complaint properly alleges a *prima facie* claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

California Health and Safety Code § 19955, mandates that all public accommodations constructed in California comply with the requirements of California Government Code § 4450. Pursuant to Section 4450, "all buildings, structures, sidewalks, curbs, and related facilities,

construed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities." Cal. Gov. Code, § 4450(a).  Additionally, non-exempt public accommodations constructed prior to July 1, 1970, and later altered or structurally repaired, are required to comply with the same requirements of the California Health and Safety Code.  Cal. Health & Safety Code § 19959.

For purposes of pleading his claim, Plaintiff incorporates his prior allegations regarding the barrier he encountered at the Property (Doc. 1, ¶ 42), and further alleges that the Property is a public accommodation "constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the [Property] was not exempt under the Health and Safety Code § 19956" (Doc. 1, ¶ 45).  Although substantially boilerplate, this claim is sufficiently pleaded.  *See Loskot v. D & K Spirits, LLC,* No. 2:10-cv-0684-WBS-DAD, 2011 WL 567364 at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment).  *See also Gutierrez v. Leng*, No. 1:14-CV-01027-WBS, 2015 WL 1498813, at *4 (E.D. Cal. Mar. 31, 2015) (same).

The Complaint sufficiently states Plaintiff's claim under Title III of the ADA, the Unruh Civil Rights Act, and California Health and Safety Code §§ 19955 and 19959, and there appears to be merit to the substantive allegations.  As such, these *Eitel* factors weigh in favor of default judgment.

    **c.**  **The Sum of Money at Stake in the Action**

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of granting default judgment.  Default judgment is disfavored when a large amount of money is involved or is unreasonable considering the defendant's actions.  *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173 at *12 (N.D. Cal. May 29, 2007).  Here, Plaintiff is seeking a default judgment in the amount of $7,520.18, which includes attorney's fees and costs.[3] This is not a relatively large sum of money, nor does it appear unreasonable, subject to the

---

[3] Plaintiff requests statutory damages in the amount of $4,000.00 and attorney's fees and costs in the amount of $3,520.18, for a total of $7,520.18.  (Doc. 12 at 2.)

6

deductions set forth below.

### d. The Possibility of a Dispute Concerning the Material Facts

Regarding this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917–18, and Defendants have submitted nothing to contradict the well-pleaded allegations in the Complaint. *See United Specialty Insurance Co. v. Saleh*, No. 1:16-cv-00632-DAD-MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted). Accordingly, this factor favors entry of default judgment.

### e. Whether Default Was Due to Excusable Neglect

Defendants failed to file responsive pleadings or oppose Plaintiff's motion for default judgment. The Court has no evidence before it establishing that Defendants' failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### f. Policy Favoring Decision on the Merits

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed in consideration of the other applicable factors that weigh in favor of granting default judgment.

## 2. Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

### a. Injunctive Relief

Plaintiff's Complaint and motion for default judgment seek an injunction requiring Defendants to make several changes and accommodations at the Property. (Doc. 1, ¶ 10; Doc. 12-1 at 5–6.) As the factual allegations in the complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

7

### b. Statutory Damages

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). A violation of the ADA constitutes a violation of the Unruh Act. As such, Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the California Civil Code § 52(a). (Doc. 1, ¶ 40.)

Plaintiff has sufficiently alleged facts indicating that he visited the Property on or about November 27, 2019, and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property. (Doc. 1, ¶ 10.) Thus, Plaintiff is entitled to an award of $4,000 in statutory damages.

### c. Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion. California Civil Code, § 55, also provides for attorney's fees and costs for obtaining injunctive relief; section 54.3 provides fees for recovery of damages to enforce the "full and equal access" guaranteed to disabled persons by Section 54.1.

Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [*See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990); *Hensley v. Eckerhart*, 461 U.S. 424,] 461 (1983)]. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433.
>
> A district court should exclude from the lodestar amount hours that are not

reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [Footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $2,487.50 for total billable time spent on the case by the Mission Law Firm, as well as $1,032.68 for costs and litigation expenses. (Doc. 12-1 at 7–10.) Specifically, Plaintiff requests (1) $1,740.00 for 5.8 hours of work expended by Tanya E. Moore, Esq., at an hourly rate of $300; (2) $322.00 for 2.8 hours spent by paralegal Whitney Law at an hourly rate of $115; and (3) $425.50 for 3.7 hours spent by paralegal Isaac Medrano at an hourly rate of $115. (Doc. 12-1 at 10.)

### i. Ms. Moore's Time Expended and Hourly Rate

The Court finds that the number of hours Ms. Moore billed in this case is not reasonable given the nature of this case and Ms. Moore's experience in these types of actions. On March 5, 2020, Ms. Moore recorded 1.0 hour finalizing the complaint prepared by paralegal Whitney Law, including reviewing "information gathered during prefiling investigation, research re bo/po, and client's information and feedback from the consultant to ensure proper parties are named in the complaint." (Doc. 12-2, Ex. A.) That entry also recorded time for "[e]nsur[ing] . . factual allegations are supported and communications with the client." (*Id*.) Based upon the Court's familiarity with the actions filed by Ms. Moore's firm in this court, the Court is aware that this is basically a form complaint. The Complaint filed in this action is nearly identical to complaints filed by Ms. Moore in dozens of other actions in this Court, with only the names of the parties and the allegations in paragraph ten changed to reflect the facts specific to this case. The Court finds that .50 hours of Ms.

Moore's time is sufficient to finalize the Complaint prepared by Ms. Law and review the supporting information. The Court will therefore deduct .50 hour from Ms. Moore's time entry on March 5, 2020.

On May 5 and 6, 2020, Ms. Moore recorded 1.0 hour instructing paralegal Isaac Medrano to prepare the request for entry of default against Defendants and reviewing those documents and supporting declarations. (Doc. 12-2, Ex. A.) Mr. Medrano recorded 1.10 hours (66 minutes) on May 6, 2020 for preparing the documents. (*Id*.) The request for entry of default and supporting declaration total only two pages, excluding the captions and single-page certificate of service, and are nearly identical to documents Ms. Moore's firm has filed in other cases, except for the party names and ECF document numbers. The preparation and finalization of these short, form-like documents should not take more than thirty minutes (0.5 hour) total; as such, Ms. Moore's and Mr. Medrano's time will be reduced.

Finally, on July 9, 2020, Ms. Moore spent 2.0 hours in connection with the motion for entry of default judgment, including preparing the motion, reviewing time/expense entries, and reviewing and finalizing declarations and the motion prepared by Ms. Law. (Doc. 12-2, Ex. A.) Ms. Law reported spending a total of 1.5 hours (90 minutes) on July 8 and 10, 2020, preparing and finalizing the motion for entry of default judgment and supporting documents. (*Id*.) The motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. "Accordingly, the Court finds that one hour of Ms. Moore's time and one hour of Whitney Law's time is sufficient to prepare the motion." *Gutierrez*, 2015 WL 1498813, at \*9 (quoting *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034 (E.D. Cal. Apr. 24, 2014)). *See also Trujillo v. Ali*, No. 1:16-cv-00694-LJO-SKO, 2016 WL 6902313, at \*7 (E.D. Cal. Nov. 23, 2016). The Court will therefore deduct 1.0 hours from Ms. Moore's time entries, and 0.5 hours from Ms. Law's time entries, that are related to the preparation and filing of the motion for default judgment.

With regard to the hourly rate to be charged, courts generally calculate these rates according to the prevailing market rates in the relevant legal community. *Blum*, 465 U.S. at 895. In general, courts use the rates of attorneys practicing in the forum district, here, the Eastern District of

California, Fresno. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1993); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). The fee applicant bears the burden of producing sufficient evidence that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

Plaintiff asserts that Ms. Moore specializes in representing plaintiffs in disability actions, and Ms. Moore's declaration states she has filed and successfully prosecuted over 1,500 civil rights actions, she has handled numerous litigation matters through trial, and has been practicing law for twenty years–eleven of which have been spent specializing in disability access litigation. (Doc. 12-2, ¶¶ 3–4.) She usually bills at $475 per hour but has reduced her hourly rate requested in this case to $300. (*Id*. ¶ 6.)

This Court has previously found Ms. Moore's hourly rate of $300 to be within the adjusted prevailing hourly rate for the Fresno area, based on the Laffey Matrix and the United States Bureau of Labor Statistics wage estimates. *See Trujillo v. Singh*, No. 1:16–cv–01640–LJO–EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017). *Accord Trujillo v. Lakhani*, No. 1:17–cv–00056–LJO–SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017). Based upon *Trujillo v. Singh*, the Court finds that Ms. Moore's requested hourly rate of $300 is reasonable and recommends that Plaintiff be awarded the sum of $1,065.00 for work performed by Ms. Moore.[4]

### ii. Paralegal Rate and Time Expended

Plaintiff seeks compensation for 2.8 hours expended by paralegal Ms. Law at $115 per hour, and 3.7 hours expended by paralegal Mr. Medrano at $115 per hour. (S*ee* Doc. 12-1 at 8–10; Doc. 12-2, Ex. A; Doc. 12-4; Doc. 12-5.) The Court finds that these requested hourly rates reasonable. *See, e.g., Trujillo v. Singh*, 2017 WL 1831941, at *3. *See also Silvester v. Harris*, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 17, 2014).

Regarding the number of hours expended by Ms. Law, her total hours are reduced by 0.5 hours, as discussed above, for a total of 2.3 hours. With respect to the number of hours expended

---

[4] This amount consists of the amount of time recorded by Ms. Moore (5.8 hours) minus the Court-recommended reduction in time spent in excessive or duplicative tasks (2.25 hours), for an adjusted time of 3.55 hours multiplied by Ms. Moore's requested hourly rate of $300 per hour.

11

by Mr. Medrano, the Court finds that the amounts indicated for certain tasks are reasonable; however, some of the time expended—in addition to that noted above—are unreasonable, duplicative, or inadequately documented and should be reduced. On March 11, 2020, Mr. Medrano recorded a total of 0.30 hour (18 minutes) reviewing the Court's "order setting scheduling conference for deadline to file scheduling report and deadline to meet and confer." (Doc. 12-2, Ex. A.) Mr. Medrano's time of 18 minutes for reviewing the Court's standard scheduling order to locate the deadline for filing the parties' joint scheduling report is excessive—0.1 hour (6 minutes) is sufficient. *See Hensley*, 461 U.S. at 433–34. On May 6, 2020, Mr. Medrano recorded .80 hour (48 minutes) for drafting letters to "Lucas Dang," "Genevieve S. Cheer-Dang," "Ted W. Dang," and "Sandra Wong Dang" regarding "default entered" and attaching a copy of the "clerk's entry of default." (Doc. 12-2, Ex. A.) These individuals are not and have never been parties to the current lawsuit and, thus, default has not been entered against them in this case. The Court will therefore disallow this time.

Based on the foregoing, the Court recommends Plaintiff be awarded 2.3 hours of time expended by Ms. Law at an hourly rate of $115, and 1.85 hours of time expended by Mr. Medrano at an hourly rate of $115, for a total of $477.25.

### iii. Litigation Expenses and Costs

Plaintiff seeks to recover costs in the amount of $1,032.68. (Doc. 12-1 at 9–10; Doc. 12-2, ¶¶ 12–14; Doc. 12-2, Exs. B–D.) In Section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and a fee for a pre-filing site inspection of the Property, which are compensable pursuant to 42 U.S.C. § 12205 and *Lovell*. 303 F.3d at 1058. Plaintiff's overall litigation expenses and costs are compensable and should be awarded. Accordingly, it is recommended that Plaintiff be awarded the sum of $1,032.68 for litigation expenses and costs.

     **iv.**   **Joint and Several Liability**

  In general, under both federal and California state law, liability among defendants for a successful plaintiff's attorney's fees is generally joint and several. *Turner v. Dist. of Columbia Bd. of Elections & Ethics*, 354 F.3d 890 (D.C. Cir. 2004) (joint and several liability for attorney's fees awarded under 42 U.S.C. § 1988 for all non-fractionable claims against defendants); *Cal. Trout, Inc. v. Super. Ct.*, 218 Cal. App. 3d 187, 212 (1990) (awarding attorney's fees under Cal. Code of Civ. Proc. § 1021.5, noting that liability for the fees among defendants was joint and several); *Corder v. Gates*, 947 F.2d 374 (9th Cir. 1991) (district court did not err in refusing to apportion attorney's fees among defendants in awarding fees under 42 U.S.C. § 1988).

    **d.**  **Conclusion**

  For the reasons set forth above, the Court recommends Plaintiff be awarded the following fees:

| Professional | Hourly Rate | Hours | Total |
| --- | ---: | ---: | ---: |
| Ms. Tanya Moore | $300 | 3.55 | $1,065.00 |
| Ms. Whitney Law | $115 | 2.3 | $264.50 |
| Mr. Isaac Medrano | $115 | 1.85 | $212.75 |
|  |  | **Total Fees** | **$1,542.25** |

  Additionally, Plaintiff should be awarded $1,032.68 for the costs of suit and $4,000 in statutory damages. Thus, the total award of damages, fees, and costs recommended is $6,574.93.

      **IV.**   **RECOMMENDATION**

  Based on consideration of the declarations, pleadings, and exhibits to the present motion, it is HEREBY ORDERED that the hearing on Plaintiff's motion for default judgment (Doc. 12) set for August 19, 2020, is VACATED.

  The Court RECOMMENDS that:

1.  Plaintiff's motion for default judgment (Doc. 12) should be GRANTED IN PART;

2.  Judgment be entered in Plaintiff's favor and against Defendants GH Food Mart, Inc. dba Complete Convenience Center; Ranbir S. Bhatti; and Harjit K. Bhatti;

3.  Defendants be found and declared to be in violation of Title III of the Americans

|   |   |   |
|---|---|---|
| | | with Disabilities Act; |
| | 4. | Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000; |
| | 5. | Plaintiff be awarded reasonable attorney's fees in the amount of $1,065.00 (3.55 hours at $300 per hour), paralegal fees in the amount of $477.25 (4.15 hours at $115 per hour), and costs of suit in the amount of $1,032.68; and |
| | 6. | Defendants be ordered to make the following modifications to the property known as Complete Convenience Center, located at 14314 County Line in Delano, California (the "Property"), such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows: |
| | | a. Provide a properly configured accessible fuel dispenser with properly positioned operable parts; |
| | | b. Provide and maintain proper clear width of the routes of travel through public areas on the interior of the Property; |
| | | c. Provide a locking mechanism that does not require tight grasping, pinching, and/or twisting of the wrist to operate on the men's or unisex restroom door; |
| | | d. Provide a proper level walking surface within the men's or unisex restroom; |
| | | e. Provide and maintain proper clear space adjacent to the transaction counter; and |
| | | f. Provide a properly configured accessible route of travel from the designated accessible to the taco truck. |

Furthermore, Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the defendants at the defendant's last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

14

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **August 13, 2020**                          /s/ *Sheila K. Oberto*                 
                                                                    UNITED STATES MAGISTRATE JUDGE